1

2

3

4           **UNITED STATES DISTRICT COURT**

5              **DISTRICT OF NEVADA**

6

7   Jihad Anthony Zogheib,                     Case No.: 2:14-cv-855-JAD-NJK

              Petitioner,
8

9                 v.                           **Order**

10  Steve Wolfson, in his Capacity as District
    Attorney, Clark County, Nevada,

11            Respondent.

12

13

14        Petitioner Jihad Anthony Zogheib commenced this action by filing a Petition for Writ

15  of Mandamus alleging overzealous prosecution by the Clark County District Attorney.  Doc.

16  1 at 1-4.  Zogheib also moves for a hearing on his mandamus petition.  Doc. 5.  Zogheib has

17  put the cart before the horse: he needs to first file a complaint, have a summons issued, and

18  effectuate proper service of process before the relief he seeks can even be considered.

19        Federal Rule of Civil Procedure 81(b) abolished the writ of mandamus.  Relief

20  previously available by mandamus petition "may be obtained by appropriate actions or

21  motion under" the Federal Rules of Civil Procedure.  FRCP 2 teaches that "there is one form

22  of action—the civil action."  And FRCP 3 tells us simply that "A civil action is commenced

23  by filing a complaint with the court."  The next step in the civil-action process is prescribed

24  by FRCP 4(b), which tells us "On or after filing the complaint, the plaintiff may present a

25  summons to the clerk for signature and seal.  If the summons is properly completed, the clerk

26  must sign, seal, and issue it to the plaintiff for service on the defendant.  A summons . . .

27  must be issued for each defendant to be served."  FRCP 4(c)(1) emphasizes, "A summons

28  must be served with a copy of the complaint.  The plaintiff is responsible for having the

                                        1

1  summons and complaint served within the time allowed by Rule 4(m) and must furnish the

2  necessary copies to the person who makes service."[1]

3      Zogheib has skipped these critical, initial steps.  His petition, which is not styled as a

4  complaint, is not a complaint, and it does not appear that he has sought the issuance of any

5  subpoena or effectuated service of any of his filings on the defendant.  Although these

6  deficiencies would permit me to dismiss this action without prejudice, in the interest of

7  justice and leniency, I instead deny the petition for writ of mandamus [Doc. 1] and the

8  request for a hearing on that petition [Doc. 5] without prejudice and give Zogheib until

9  December 15, 2014, to (1) file a proper complaint, (2) effectuate service of process on the

10  defendant in compliance with the rules of this court, and (3) file proof of service.  Zogheib is

11  strongly cautioned that failure to comply with any portion of this order may result in the

12  dismissal of this action with prejudice.

13      Accordingly, it is HEREBY ORDERED that Zogheib's Petition for Writ of

14  Mandamus **[Doc. 1] is DENIED** without prejudice;

15      IT IS FURTHER ORDERED that Zogheib's Motion for Hearing on the Petition **[Doc.**

16  **5] is DENIED** without prejudice;

17      IT IS FURTHER ORDERED that **Zogheib must do the following by December 15,**

18  **2014: (1) file a proper complaint in this action, (2) effectuate service of process**

19  **(summons and complaint) on the defendant in compliance with the rules of this court,**

20  **and (3) file proof of that service.**  Failure to complete any one of these may result in the

21  dismissal of this action with prejudice.

22      DATED: November 13, 2014.

23      _____

24      Jennifer A. Dorsey
    United States District Judge

25

26  [1] Even if I were to liberally construe the petition as a complaint, it does not appear that Zogheib has effectuated service.  FRCP 4(m) specifies that "[i]f a defendant is not served within 120 days after

27  the complaint is filed, the court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be made within a specified time.

28  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."  More than 120 days have passed since the petition was filed.