# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| Jihad Anthony Zogheib, | Case No.: 2:14-cv-855-JAD-NJK |
| Petitioner, | |
| v. | **Order Dismissing Case for Failure to Comply with Court Order** |
| Steve Wolfson, in his Capacity as District Attorney, Clark County, Nevada, | |
| Respondent. | |

Petitioner Jihad Anthony Zogheib commenced this action by filing a Petition for Writ of Mandamus alleging overzealous prosecution by the Clark County District Attorney.  Doc. 1 at 1-4.  Zogheib also moved for a hearing on his mandamus petition.  Doc. 5.  In a November 13, 2014, order, I found that Zogheib failed to comply with the Federal Rules of Civil Procedure by (1) not styling his mandamus petition as a complaint, and (2) not properly serving a summons and complaint on defendants.  Doc. 6.  I gave Zoghieb until December 15, 2014, to (1) file a proper complaint, (2) effectuate service of process on the defendant in compliance with the rules of this court, and (3) file proof of service.  I also strongly cautioned Zogheib that if he failed to comply with any portion of the order, his case could be dismissed with prejudice. *Id.* at 2.

Two weeks have passed since Zogheib's response deadline, but there is no indication that he has taken any of the steps outlined in my prior order or explained why he cannot do so.  Under Rule 41(b), "If the plaintiff fails to prosecute or comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it.  Unless the order states otherwise, a dismissal under this subdivision . . . operates as an adjudication on the

1

1   merits."[1]  Rule 41(b) of the Federal Rules of Civil Procedure also permits a district court to

2   dismiss an action *sua sponte* for failure to prosecute.[2]  "In determining whether to dismiss a

3   claim for failure to prosecute or failure to comply with a court order, the Court must weigh

4   the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the

5   court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the

6   availability of less drastic alternatives; and (5) the public policy favoring disposition of cases

7   on their merits."[3]

8          Consideration of all five factors in this case favors dismissal of Zogheib's claim here.

9   The first two factors favor dismissal because I have permitted plaintiff ample time to

10  complete the necessary step of re-styling his complaint and serving it on defendants, but he

11  has not responded.  I note that there is no risk to the defendants, who have not yet appeared;

12  and I have already explored the less drastic alternatives by permitting plaintiff additional

13  time to re-style his complaint and serve it on defendants.  Although dismissal of this action

14  contravenes the public policy of adjudicating cases on their merits, the other four factors

15  weigh in favor of dismissal.  Exercising my discretion, I find that this case should be

16  dismissed for Zogheib's failure to prosecute.

17         Accordingly, it is **HEREBY ORDERED** that Zogheib's claims are DISMISSED

18  WITH PREJUDICE for failure to comply with the court's November 15, 2014, order.  The

19  clerk of court is instructed to close this case.

20         DATED: December 29, 2014.

21

22                                                _____
                                                  Jennifer A. Dorsey
23                                                United States District Judge

24  ---

      [1] Fed. R. Civ. Proc. 41(b).  Such a dismissal does not operate as an adjudication on the merits in several
25  circumstances, none of which are applicable here.  *See id.*

26    [2] *Chambers v. NASCO, Inc*., 501 U.S. 32, 44 (1991) (recognizing that a court "may act sua sponte to
    dismiss a suit for failure to prosecute"); *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th
27  Cir. 2005) ("courts may dismiss under Rule 41(b) sua sponte, at least under certain circumstances").

28    [3] *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258,
    1260 (9th Cir. 1992).